J-S30039-18

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P 65.37**

| | | |
|---|---|---|
| JUDITH A. FOWLER, | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellee | : | |
| | : | |
| v. | : | |
| | : | |
| BRUCE A. FOWLER, | : | |
| | : | |
| Appellant | : | No. 73 WDA 2018 |

Appeal from the Order December 13, 2017
in the Court of Common Pleas of Fayette County
Domestic Relations at No(s): 375 DR 2017

BEFORE:   BENDER, P.J.E., STABILE, and STRASSBURGER,* JJ.

MEMORANDUM BY STRASSBURGER, J.:   **FILED AUGUST 7, 2018**

Bruce A. Fowler (Husband) appeals from the spousal support order requiring him to pay a support obligation to Judith A. Fowler (Wife).  We remand with instructions.

Husband and Wife were married on or about October 29, 1998[1] and separated on July 16, 2017.[2]  Following a verbal dispute, Wife left the marital home on July 16, 2017.  On August 21, 2017, Wife filed for spousal support. The trial court ordered Husband to appear on September 11, 2017 before a

---

[1] When Wife filed for support, she indicated they were married on this date, but Wife testified they were married on October 31, 1998.  Complaint for Support, 8/21/2017, at 1; N.T., 12/11/2017, at 3.

[2] As of the *de novo* hearing date, neither Husband nor Wife had filed for divorce.  N.T., 12/11/2017, at 3, 9, 14, 21.

---

*Retired Senior Judge assigned to the Superior Court.

domestic relations conference officer for a conference on Wife's support complaint. Order, 8/22/2017, at 1. While the record is unclear as to what happened, it appears the parties attended said conference, and the conference officer recommended Wife's complaint for support be denied. *See* N.T., 12/11/2017, at 9-10, 25. Thereafter, the trial court dismissed without prejudice Wife's complaint for support due to there being "no entitlement to spousal support established." Order, 9/18/2017, at 1 (unnumbered).

Wife then filed a demand for a *de novo* hearing before the trial court, claiming that Husband had lied at the conference. Following the December 11, 2017 *de novo* hearing, the trial court determined that Wife had adequate legal cause to leave the marital home due to her mental illness. Trial Court Opinion (TCO), 2/27/2018, at 5; N.T., 12/11/2017, at 26. The trial court granted Wife's request for spousal support, but ordered the support to begin as of the date of the hearing, not the filing of Wife's petition. Final Order of Court, 12/20/2017, at 1; N.T., 12/11/2017, at 26. The trial court entered its final order on December 20, 2017, effective December 11, 2017, which determined Husband's monthly net income to be $3,626.67 and Wife's monthly net income to be $0.00, and directed Husband to pay $1,500[3] per

---

[3] The amount of Husband's monthly support obligation is unclear from the record. The first page of the order set Husband's obligation at $1500 per month due forthwith, and set arrears at $1001.79 due in full immediately. Final Order of Court, 12/20/2017, at 1. On the second page of the same order, Husband's obligation was set at $1451 per month for current support, and $49 per month in arrears. *Id.* at 2.

month in spousal support and $1,001.79 in arrears.[4]  Husband timely filed a notice of appeal on January 5, 2018.  Both Husband and the trial court complied with Pa.R.A.P. 1925.

Before reaching the merits of Husband's appeal, we note there is an issue with respect to Wife's representation by counsel.  Based on the record before us, it appears that in the trial court, Wife was represented by Ricardo J. Cicconi, Esquire.  At the *de novo* hearing, Attorney Cicconi appeared on behalf of Wife.  However, on appeal, and after receiving Husband's brief, Attorney Cicconi filed a letter with this Court, indicating that he would not file a brief on Wife's behalf.  Cicconi Letter, 4/12/2018, at 1 (unnumbered).  His stated reason was that he does not represent Wife and that, in his capacity as Domestic Relations Solicitor, he represents the office of Domestic Relations of the Fayette County Court of Common Pleas.  *Id.*  This letter indicates he sent a copy to Husband's counsel, but not to Wife.  *Id.*

Based upon our review of the record, it does not appear Wife received notice of the briefing schedule or any other correspondence relating to the instant appeal.  Since it is unclear whether Wife was aware of her opportunity to file a brief, we are constrained to remand this case to allow Attorney Cicconi to file a petition with the trial court to withdraw as counsel for Wife.  If the trial court grants Attorney Cicconi's withdrawal, Wife will then have an

---

[4] We are unable to determine how the arrearages number was calculated.

opportunity to file a *pro se* brief or to secure counsel to file a brief on her behalf in this Court within 60 days of the trial court's order. If the trial court denies Attorney Cicconi's petition, Attorney Cicconi shall file a brief on Wife's behalf within 60 days of the trial court's order.

Case remanded with instructions.

Panel jurisdiction retained.